IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 03-1875 T
(Judge Futey)

ESTATE OF MAURICE WALK,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

JOINT STATUS REPORT

Pursuant to the Court's July 18, 2007, order, the parties provide the following joint status report.

1. By a letter dated August 25, 2005, an authorized representative of the Attorney General accepted the plaintiff's settlement offer in the above-captioned refund suit, and by a letter dated June 12, 2006, the Tax Division's Post Litigation Unit forwarded to the plaintiff's counsel a check representing the refund due to the plaintiff under the approved settlement.

2. The approved estate tax settlement incorporated, *inter alia*, adjustments to the decedent's federal estate tax return which had flow-through tax effects in the 2001 tax year of three taxpayers related to the decedent. All three of these taxpayers are represented by the plaintiff's counsel.

3. The related taxpayers attempted to file amended returns with the IRS in October, 2005, reflecting the impact of the estate tax settlement upon their federal income tax liabilities. Upon initial receipt, the IRS rejected as untimely the amended returns submitted by these related

taxpayers. Even though the Tax Division does not have jurisdiction over these taxpayers or their federal income tax liabilities, the Office of Review has nonetheless attempted to facilitate a resolution of the dispute between the taxpayers and the IRS regarding the timeliness of these amended returns in order to protect the Government's interests in the correct implementation of the terms of the estate tax settlement. In this connection, the Office of Review sent written communications to the Office of IRS Area Counsel on October 6, 2006, and April 12, 2007, and an Office of Review attorney has engaged in numerous telephone communications with the IRS attorneys assigned to this matter. The Office of Review attorney has also engaged in numerous telephone conversations with the taxpayers' counsel in order to obtain information and copies of documents–which the taxpayers' counsel has readily provided–pertinent to the IRS's consideration of the amended returns. In June, 2007, the Office of IRS Area Counsel reassigned this matter from the attorney initially assigned to the estate tax refund suit to a different attorney to handle issues regarding the amended returns filed by the three related taxpayers.

4. The IRS reconsidered its rejection of the amended return submitted by one of the three related taxpayers, and the IRS has assessed the additional tax liability reported on and paid with respect to the amended return filed by that taxpayer. The taxpayer's counsel has informally advised the Office of Review that the taxpayer disagrees with the amount of underpayment interest that was assessed and paid with respect to the additional tax liability reported on that return. At the request of the Internal Revenue Service, the Office of Review has asked the taxpayer's counsel–most recently by a letter dated July 27, 2007, and by a telephone call in August, 2007, to provide (i) a written statement setting forth the reasons why the taxpayer believes that the IRS erroneously calculated underpayment interest for this account, and (ii) the

taxpayer's calculation of what it believes to be the correct underpayment interest liability for this account. Upon receipt, the Office of Review will forward those materials to the Internal Revenue Service. Since the Tax Division does not have jurisdiction over the interest liabilities at issue, the Office of Review has asked IRS counsel to identify an IRS representative with whom the taxpayer can discuss the interest dispute, and once the Office of Review is advised of the identity of this IRS representative, it will provide this information to the taxpayers' counsel. Defendant's counsel believes that the taxpayer and the IRS should thereafter attempt to resolve this dispute directly between themselves. The parties further believe that the instant case need not remain open pending the resolution of the interest dispute, since this Court does not have jurisdiction over those liabilities.

5. The IRS attorney assigned to this matter in June, 2007, has worked hard to identify the appropriate IRS personnel with authority to review the amended returns filed by the two remaining related taxpayers. At the request of IRS counsel, an IRS partnership technical advisor was assigned to the amended returns in July, 2007; the technical advisor completed his consideration of the amended returns on August 2, 2007. However, because the technical advisor did not possess authority to direct IRS Service Centers to process the two remaining amended returns, a revenue agent–who has such authority and who works from a different location than the IRS technical advisor–was assigned to the returns in August, 2007. The revenue agent has required the assistance of the technical advisor in her consideration of the returns, but, unfortunately, because of a mix-up in office addresses (due to an office move) and a resulting delay in the transmittal of pertinent records between IRS offices, the technical advisor and the

revenue agent were unable to conclude their discussions regarding the amended returns until September 17, 2007.

6. The revenue agent has advised IRS counsel and the Office of Review that she expects to complete her consideration of the amended returns within 45-60 days. In the event the Revenue Agent concludes that the amended returns should be accepted by the IRS, the IRS will amend its records to reflect the additional liability reported by one of the remaining two taxpayers, and the IRS Cincinnati Service Center will refund the overpayment, if any, that the IRS determines is allowable to the second taxpayer. As soon as the IRS completes its processing of the amended returns, the parties will file a joint stipulation for dismissal of the subject refund suit. The parties are optimistic that the joint stipulation will be filed with the Court within the next 90 days.

The plaintiff's attorney has authorized the defendant to present this report as a joint filing.

Respectfully submitted,

s/ Robert Stoddart
ROBERT STODDART
Justice Department (Tax)
P. O. Box 26; Ben Franklin Station
Washington, D.C. 20044
TEL: (202) 307-6445
FAX: (202) 514-9440

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section

s/ David Gustafson
Of counsel

September 18, 2007